UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ZEEWE DAKAR MPALA,[1]

        Petitioner

    v.                                  : CIVIL NO. 3:CV-06-0841

JOSEPH SMITH,               : (Judge Kosik)

        Respondent

## MEMORANDUM

Zeewe Dakar Mpala, an inmate currently confined at the United States Penitentiary at Lewisburg (USP-Lewisburg), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 24, 2006. Named as respondent is Joseph Smith, Warden at USP-Lewisburg. Mpala proceeds pro se and in forma pauperis in this matter. In the petition, Mpala claims that (1) his 1999 concurrent sentence for bank robbery and felon-in-possession convictions have been miscalculated; (2) he is being denied access to the courts and to legal aides; (3) the Second Circuit Court of Appeals lacked appellate jurisdiction to decide his appeal; and (4) the remedy of 28 U.S.C. § 2255 is inadequate and ineffective to challenge his District of Connecticut conviction and sentence because the statute of limitations has expired. On April 25, 2006, an Order to Show Cause was issued directing the Respondent to file a response to the petition within twenty (20) days. A response was timely filed. For the reasons set forth below, the petition will be denied.

---

[1] According to Respondent, Mpala also is known as David Gethers, Zeewe Dakar Impala and Zizwe Dakar Impala. (Doc. 8 at 1, n. 1.)

**I.      Factual Background**

Mpala was convicted of bank robbery and unlawful possession of a firearm by a convicted felon on July 9, 1998, in the United States District Court for the District of Connecticut. (Doc. 8, Exs. 1-3.) While awaiting a court ordered presentence psychiatric evaluation, Mpala filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 11, 1998 in the North Carolina District Court. At that time, he was housed in a federal medical facility in North Carolina. In the habeas petition, Mpala sought relief from his conviction on multiple grounds, including double jeopardy. The habeas petition was dismissed on the basis that the claims must first be raised on direct appeal. (Id., Ex. 4.) Still prior to sentencing on his convictions, Mpala filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The § 2255 motion was filed on December 22, 1998, and denied on January 13, 1999. (Id., Ex. 3.)\

On June 30, 1999, Mpala was sentenced to concurrent sentences of 137 months for the bank robbery conviction and 120 months for the felon-in-possession conviction, to be followed by 3 years of supervised release. His current projected release date via good conduct time is February 29, 2008. (Id., Exs. 1-3, Ex. 6, Cunningham Decl. at ¶1.) An appeal from the conviction and sentence was filed on July 2, 1999. The Second Circuit Court of Appeals construed the appeal to raise issues of ineffective assistance of counsel, district court error in admitting evidence seized during arrest and evidence of Mpala's post-arrest statements and district court error in departing from the recommended criminal history category contained in the BOP's presentence report. The judgment and sentence were affirmed by the Second Circuit on June 14, 2002. A petition for writ of certiorari was denied by the United States Supreme Court on January 27, 2003. See United States v. Impala, 537 U.S. 1177 (2003). The instant petition pursuant to § 2241 was filed in this court on April 26, 2006.

**II.     Discussion**

   **A.     Challenge to conviction and sentence via § 2241 petition**

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to either the validity of a conviction or to a sentence must be brought in a section 2255 motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (Caldwell, J.). Here, part of the claims raised in Mpala's petition are challenges to his District of Connecticut convictions and resulting concurrent sentences. Hence, the proper avenue of relief is a section 2255 motion, filed in the district court where he was convicted and sentenced.

A defendant can pursue a 2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Okereke v. United States, 307 F.3d 117 (3d cir. 2002). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Id. at 120 (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Cradle, 290 F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)); see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)("A prior unsuccessful § 2255 motion or the inability to meet" the requirements for a second or successive 2255 motion "does not make § 2255 inadequate or ineffective."); Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D.

3

Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

The "inadequate/ineffective" exception does not exist in cases where a defendant has failed to obtain § 2255 relief or a defendant cannot satisfy the limitations imposed on bringing § 2255 motions or filing successive § 2255 motions as enacted through the Antiterrorism and Effective Death Penalty Act ("AEDPA")[2]. See Dorsainvil, 119 F.3d at 251; United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000). In the case of Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002), the Third Circuit Court of Appeals explained that a motion to vacate sentence under § 2255 is not inadequate or ineffective to test the legality of a federal prisoner's detention so as to permit the prisoner to seek habeas relief just because the sentencing court has denied relief, the one year statute of limitations has expired or the prisoner is unable to meet the stringent gatekeeping requirements of § 2255. Thus, the availability of § 2241 to challenge a federal conviction is extremely limited and "is now reserved for only rare cases." Dorsainvil, 119 F.3d at 250. A prisoner can pursue habeas relief under the savings clause of § 2255 typically only where a subsequent statutory interpretation reveals that the prisoner's conduct is not criminal so as to avoid a complete miscarriage of justice. Id.; see also United States v. Brooks, (3d Cir. 2000), opinion sur panel rehearing, 245 F.3d 291 (3d Cir. 2001).

In light of the foregoing principles, Mpala cannot raise his claims via the instant

---

[2] The AEDPA can be found at Pub.L. 104-132, 110 Stat. 1214 (codified in relevant part at 28 U.S.C. § 2255).

§ 2241 petition. He was clearly able to raise his claims on direct appeal or in a § 2255 motion. Mpala's only excuse for failing to do so is that the one year statute of limitations has expired which does not make a motion pursuant to § 2255 inadequate or ineffective so as to permit Mpala to raise his claims in the instant § 2241 petition. Further, an earlier unsuccessful § 2255 motion does not make that remedy inadequate or ineffective. Mpala also does not allege that he was convicted for conduct that is now recognized as not being criminal. Accordingly, Mpala is unable to meet his burden in demonstrating that § 2255 is inadequate or ineffective to test the legality of his detention and that he does fall within the narrow safety valve clause to make § 2241 available avenue to challenge his conviction.

### B. Claims of miscalculation of sentence and denial of access to the courts

In addressing Mpala's claim of denial of access to the courts, the court first finds that such a claim is not properly brought pursuant to a habeas corpus petition. A habeas corpus petition is properly filed when a defendant is challenging the fact or duration of his or her confinement. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973). When a prisoner is not challenging their conviction/sentence or seeking their release or a more speedy release from confinement, then a habeas corpus petition is not the proper vehicle for pursuing the claims. Mpala's claims of denial of access to the courts are not raised in an effort to seek a release from custody or a decrease in the sentence imposed. Rather, they are claims which challenge the conditions of Mpala's confinement and are properly brought in a civil rights action. Accordingly, these claims are subject to dismissal without prejudice on this basis.

Further, even if the access to the courts claims were properly before the court in this habeas petition, both these claims and Mpala's habeas claim of sentence miscalculation are subject to dismissal for failure to exhaust administrative remedies. It is well-established that before a prisoner

can bring a § 2241 habeas corpus petition, he must exhaust his administrative remedies. See United States v. Wilson, 503 U.S. 329 (1992); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981)(federal prisoner required to exhaust administrative remedies prior to instituting habeas petition under § 2241).

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. (See 28 C.F.R. §§ 542.10 - 542.19; Doc. 8, Ex. 6.)  First, inmates shall informally present their complaints to the unit team, and the unit team shall attempt to informally resolve any issue before an inmate files a request for Administrative Remedy. Id. at 542.13(a).  If an inmate is unable to informally resolve his complaint, he may file a formal written complaint, on the appropriate form, to the warden of the institution where the inmate is confined. Id. at § 542.14.  If an inmate is not satisfied with the warden's response, the response may be appealed (on the appropriate form) to the Regional Director. Id. at § 542.15.  Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to the General Counsel (central office).  Id.

A review of the BOP's records indicates that Mpala attempted to file an administrative remedy regarding his sentence on April 21, 2006 at the first level of review. (Doc. 8, Ex. 6 at ¶5; p. 13.)  The remedy was rejected because Mpala failed to attach evidence that he had attempted informal resolution of the matter.  To date Mpala has not made any effort to file a proper request, or any other requests challenging his sentence.  Further, there is no record of Mpala ever having filed any administrative remedies with regard to any of his access to the courts claims.  Accordingly, it is clear that Mpala has failed to exhaust his administrative remedies on these issues which warrants the dismissal of these claims.  The complete administrative process was available to Mpala, and he did not fully avail himself of that process.  An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ZEEWE DAKAR MPALA,                :
                                  :
        Petitioner                :
                                  :
    v.                            :   CIVIL NO. 3:CV-06-0841
                                  :
JOSEPH SMITH,                     :   (Judge Kosik)
                                  :
        Respondent                :

**O R D E R**

**NOW, THIS 25th DAY OF MAY, 2006,** in accordance with the attached Memorandum,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The petition for writ of habeas corpus is **dismissed**.

2. The Clerk of Court is directed to **close this case**.

                             s/Edwin M. Kosik
                             United States District Judge