UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZEEWE DAKAR MPALA, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : CIVIL NO. 3:CV-06-841 |
| | : |
| JOSEPH SMITH, | : (Judge Kosik) |
| | : |
| Respondent | : |

# **M E M O R A N D U M**

## **Background**

This habeas corpus action brought pursuant to 28 U.S.C. § 2241 was filed by Zeewe Dakar Mpala, a federal inmate currently confined at the United States Penitentiary at Lewisburg (USP-Lewisburg), Pennsylvania. In the petition, Mpala contends that (1) his 1999 concurrent sentence for bank robbery and felon-in-possession convictions have been miscalculated by the Bureau of Prisons; (2) he is being denied access to the courts and legal aides; (3) the Second Circuit Court of Appeals lacked appellate jurisdiction to decide his appeal; and (4) 28 U.S.C. § 2255 is inadequate and ineffective to challenge his District of Connecticut conviction and sentence because the statute of limitations has expired. Service of the petition was directed on April 25, 2006, and a response thereto filed on May 15, 2006. No

traverse or request for enlargement of time within which to submit a traverse was ever submitted by Petitioner.

On May 25, 2006, the court issued a Memorandum and Order dismissing the petition for the following reasons.  (Doc. 9.)  First, with regard to his challenge to his conviction and sentence via the instant § 2241 petition, Petitioner was found to be unable to meet his burden in demonstrating that § 2255 is inadequate or ineffective to test the legality of his detention, and that he falls within the narrow safety valve clause to make § 2241 an available avenue to challenge his conviction.  It was further held that his claims of denial of access to the courts were subject to dismissal, without prejudice, in that they were not properly raised in a habeas corpus petition because they did not challenge the fact or duration of his confinement or seek a more speedy release from confinement.  Rather, they were conditions of confinement claims properly brought in a civil rights action.  Even if said claims were properly before the court in the context of this habeas action, this court found that they, as well as his sentence calculation claims, would be subject to dismissal for failure to exhaust administrative remedies.  A review of the relevant Bureau of Prisons records revealed that Petitioner attempted to file an administrative remedy at the first level of review, failed to do so properly, and then never pursued the matter any further.  (Id. at 6.)

Presently pending before the court are several motions filed by Petitioner since the Memorandum and Order of May 25, 2006, dismissing the petition and closing this

2

case. Two of the motions, a motion to alter the court's judgment and reopen this case (Doc. 10) and a motion for enlargement of time to file a traverse (Doc. 11) were filed on June 12, 2006. Opposing briefs have been submitted by Respondent and reply briefs filed by Petitioner. The remaining motions are a motion for leave to file an amended complaint (Doc. 16) filed on August 7, 2006, a motion to amend/correct the petition for writ of habeas corpus (Doc. 19) filed on November 1, 2006, and two motions seeking injunctive relief (Docs. 21, 23) filed in November and December of 2006. For the reasons that follow, the motion to alter judgment and for enlargement of time will be denied. The remaining motions will be denied as moot.

**Discussion**

In his motion to amend the judgment/reopen the case, Petitioner contends that he has been harmed by the court's decision ruling on his petition prior to his filing of a traverse. He contends that for numerous reasons, which include his alleged cataracts as well as the law library's hours, cool temperatures and limited typewriters, he was precluded from preparing a motion for enlargement to file his traverse. The court finds his arguments to be without merit. Based on the foregoing, Petitioner sets forth no reasons why he could not have filed a timely motion seeking an enlargement of time within which to file a traverse, if he had so desired. Regardless, the arguments he seeks to advance in the traverse do not further his cause.

Petitioner also requests that he be permitted to have his case reopened, be granted time to amend his petition and also have his petition stayed while he attempts to exhaust his administrative remedies.  These are not proper grounds for granting a motion for reconsideration under Federal Rule of Civil Procedure 59(e).

The standard for granting a motion for reconsideration is a stringent one. "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995); see also Armstrong v. Reisman, No. 99-CV-4188, 2000 WL 288243, at *2 (E.D. Pa. Mar. 7, 2000). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); accord Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992).  Further, this Court has cautioned litigants that a mere disagreement with the court does not translate into a clear error of law.  Dodge, 796 F.Supp. at 830.  Rather, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999) (citing

4

North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001).

     Petitioner fails to cite to any change in intervening law or clear error of fact or law that necessitates correction. While he may have just recently commenced the administrative process, he did not exhaust prior to filing the petition nor was he in the process of exhausting when he filed the petition. To the extent he now desires to amend his petition to set forth an "actual innocence" argument, this issue he could have raised previously. As such, the pending motion for reconsideration will be denied. All remaining motions will be dismissed as moot. An appropriate Order is attached.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZEEWE DAKAR MPALA, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : CIVIL NO. 3:CV-06-0841 |
| | : |
| JOSEPH SMITH, | : (Judge Kosik) |
| | : |
| Respondent | : |

**O R D E R**

**NOW, THIS 16th DAY OF JANUARY, 2007**, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS**:

1. Petitioner's Motion for Reconsideration (Doc. 10) is **denied**.

2. Petitioner's Motion for Enlargement (Doc. 11) is **denied**.

3. Petitioner's Motion for Leave to File Amended Complaint (Doc. 16), Motion to Recharacterize Petition (Doc. 19), and Motions for Injunctive Relief (Docs. 21, 23) are dismissed as moot.

                                              s/Edwin M. Kosik
                                              United States District Judge